UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FELICIDAD GUMBAO,<br><br>            Plaintiff,<br><br>      v.<br><br>AURORA BANK, et al.,<br><br>            Defendants. | Case No. 13-cv-03952 NC<br><br>**ORDER TO SHOW CAUSE WHY REMOVAL IS PROPER**<br><br>Re: Dkt. No. 1 |

On August 26, 2013, defendants Nationstar Mortgage LLC and Aurora Bank FSB removed this action to federal court on the basis of diversity jurisdiction. Dkt. No. 1 at 2. The notice of removal states that the action was initiated in state court on April 12, 2013. *Id.* at 2, 8. Defendants further state that their removal is timely "as the thirty-day period never commenced (or expired)" because "Plaintiff has not filed any proof of service alleging service on either Nationstar or Aurora." *Id.* at 5.

In general, a defendant wishing to remove an action to federal court must file a notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b)(1). The federal courts "have

Case No. 13-cv-03952 NC
ORDER TO SHOW CAUSE

an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). "If at any time [after removal and] before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

First, defendants have not shown that their removal is timely because they have not stated whether or not they have been served, and if they have, the date of service.

Second, the notice of removal does not adequately state the citizenship of Nationstar for purposes of diversity jurisdiction. While the notice states that Nationstar is a "limited liability company," it argues that Nationstar is a "diverse defendant" under the rule regarding citizenship of corporations. Dkt. No. 1 at 3. However, "like a partnership, an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006); *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). Therefore, Nationstar must inform the Court of the citizenship of all of its members. Moreover, if any member of Nationstar is itself a partnership or association (or another LLC), the Court needs to know the citizenship of each "sub-member" as well. *V & M Star, LP v. Centimark Corp.*, 596 F.3d 354, 356 (6th Cir. 2010).

Accordingly, by September 11, 2013, defendants must show cause in writing why their removal is proper by addressing the Court's concerns identified above. If defendants do not establish that removal was proper, the Court will remand this action to state court and may order other relief as justice requires.

Defendants must also consent or decline the jurisdiction of a magistrate judge by September 11, 2013. See attached consent/declination forms.

IT IS SO ORDERED.

Date: August 27, 2013

Nathanael M. Cousins
United States Magistrate Judge

Case No. 13-cv-03952 NC
ORDER TO SHOW CAUSE              2