United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

FELICIDAD GUMBAO,

    Plaintiff,

v.

AURORA BANK, FSB and
NATIONSTAR MORTGAGE, LLC,

    Defendants.
                                       /

No. C 13-03952 WHA

**ORDER RE
MOTION TO DISMISS**

        Plaintiff Felicidad Gumbao executed a promissory note in 2006, which was secured by a deed of trust, to obtain a home loan from SCME Mortgage Bankers, Inc. SCME assigned the note and deed of trust to defendant Aurora Bank, FSB, in 2011 and Aurora Bank assigned the note to defendant Nationstar Mortgage, LLC, in 2013. Plaintiff sued defendants in state court after she defaulted on the note and defendants initiated foreclosure proceedings on the subject property (RJN, Exh. 1–7). The foreclosure grounds her claims for violations of the Truth in Lending Act ("TILA"), the Real Estate Settlement Procedures Act ("RESPA"), other lender-related statutes, and Section 2924 of the California Civil Code, along with claims for breach of contract, fraud, and negligence. Following removal, defendants moved to dismiss this action for failure to state a claim. Plaintiff never filed an opposition. This motion came up for hearing on

October 17, 2013, at 8:00 a.m. and plaintiff's counsel was not present. The case was called again at 8:12 a.m. and plaintiff's counsel was still not present. To the extent stated below, defendants' motion is **GRANTED**.

In their notice of removal, defendants claim that they have no record of being served by plaintiff and that she never filed proof of service alleging service on defendants (Dkt. No. 1 at 5). Moreover, defendants state in their motion to dismiss that they attempted to meet and confer with plaintiff's counsel several times but he never responded to their attempts at correspondence (Dkt. No. 8 at 2– 3). Finally, plaintiff never filed an opposition to defendants' motion to dismiss.

To survive a motion to dismiss, a pleading must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). For fraud claims, Rule 9(b) requires that factual allegations be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud. *Swartz v. KPMG, LLP*, 476 F.3d 756, 764 (9th Cir. 2007). Plaintiff filed a form complaint in state court that does not contain a statement of facts or any substantial legal analysis. The small number of statements sprinkled throughout the form complaint are nothing more than conclusory allegations or vague facts that are insufficient to raise a plausible claim for relief. Thus, defendants' motion to dismiss is **GRANTED.** Defendants argue in their motion to dismiss that plaintiff's TILA and RESPA claims are barred by the statute of limitations and therefore should be dismissed with prejudice (Dkt. No. 8 at 3–4). Plaintiff, however, might be able to allege specific facts regarding why the statute of limitations should be tolled. Thus, plaintiff may seek leave to amend her TILA and RESPA claims.

Good cause showing, defendants' request for judicial notice of the promissory note, deed of trust, assignment of the deed of trust to Aurora Bank, assignment of the note to Nationstar, notice of default, and notice of trustee's sale is **GRANTED.** FRE 201.

Plaintiff may seek leave to amend her complaint and will have until **OCTOBER 24, 2013, AT NOON,** to file a motion, noticed on the normal 35-day calender, for leave to file an amended complaint. A proposed amended complaint should be appended to this motion. Plaintiff should plead her best case. The motion should clearly explain how the amended complaint cures the

deficiencies identified herein, and should include as an exhibit a redlined or highlighted version identifying all changes.

**IT IS SO ORDERED.**

Dated: October 17, 2013.

W<small>ILLIAM</small> A<small>LSUP</small>
U<small>NITED</small> S<small>TATES</small> D<small>ISTRICT</small> J<small>UDGE</small>

3